NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OLD BRIDGE MUNICIPAL UTILITIES AUTHORITY, | : | |
| Plaintiff, | : | Civil Action No. 12-06232 (JAP) |
| v. | : | OPINION |
| WESTCHESTER FIRE INSURANCE COMPANY; ACE WESTCHESTER SPECIALTY GROUP; and Fictitious Corporations 1 through 10, | : | |
| Defendants. | : | |

PISANO, District Judge.

This action was brought in the Superior Court of New Jersey, Middlesex County, by Plaintiff Old Bridge Municipal Utilities Authority ("Plaintiff") against Defendants Westchester Fire Insurance Company ("Westchester Fire"), Ace Westchester Specialty Group[1] and unnamed defendants (collectively, "Defendants"). It arises out of a coverage dispute over the parties' rights and obligations under a Municipal Advantage Public Entity Liability Policy issued to Plaintiff by Westchester Fire. The action was removed to this Court by Defendants on October 4, 2012. Presently before the Court is the Plaintiff's Motion to Remand [docket entry no. 7]. Defendants oppose the motion. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Motion to Remand will be denied.

---

[1] ACE Westchester Specialty Group is merely a trade name denominating a business division of ACE and not a separate legal entity.

Plaintiff is a municipal utilities authority and a political subdivision of the State of New Jersey.  In connection with an insurance policy that Westchester Fire issued to Plaintiff, Plaintiff filed a complaint in Middlesex County Superior Court, alleging three causes of action against Defendants: (1) breach of contract; (2) specific performance; and (3) declaratory relief.  In the counts for breach of contract and specific performance, Plaintiff's Complaint seeks, *inter alia*, monetary damages from Defendants.[2]  Defendants removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(a), and Plaintiff now seeks remand, arguing that it is only seeking a declaration of rights under the New Jersey Declaratory Judgment Act, rather than a monetary amount, and therefore the Court does not have jurisdiction over the action.  Because the parties do not dispute diversity of citizenship or the amount in controversy, the sole issue to be addressed in this case is whether the Court has jurisdiction over the state law claims at issue, particularly the claim for a declaratory judgment.

This Court has jurisdiction over "*all civil actions* where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. § 1332(a) (emphasis added).  It is well-settled that the Court's jurisdiction encompasses state law claims in a diversity action.  *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) ("A district court has subject matter jurisdiction over state law claims if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000 for each plaintiff."); *Cruz v. Pennsylvania*, 277 Fed. Appx. 160, 162 (3d Cir. 2008) (same); *Curtiss-Wright Corp. v. CNA Fin. Corp.*, 2012 U.S. Dist. LEXIS 42720, at *5 (D.N.J. 2012) (same).  *See also Khan v. Bank of Am. Home Loan Servicing L.P.,* 2012 U.S. Dist.

---

[2] Plaintiff did not specify the amount of damages sought in the Complaint, but it does not dispute that the amount in controversy is likely to exceed $75,000.

LEXIS 71677 (D.N.J. 2012) (finding that district court had jurisdiction over state law claims in case where amount in controversy and diversity requirements were met).

The Court is mindful that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). However, the Plaintiff in this case alleges three separate causes of action, including claims for breach of contract and specific performance. Neither of these claims is governed by the New Jersey Declaratory Judgment Act and Plaintiff has not proffered any argument as to why these two claims cannot be heard by this Court.[3] The Court's review of the record makes clear that it has jurisdiction over such claims. Indeed, it is axiomatic that the Court has jurisdiction to hear state law claims such as these in a diversity action. *See Werwinski*, 286 F.3d at 666; *Khan*, 2012 U.S. Dist. LEXIS 71677, at * 2-3 (D.N.J. 2012) (finding that district court had jurisdiction over state law claims in diversity case).

Moreover, this fundamental principle of law applies equally to the Plaintiff's third claim, which seeks declaratory relief rather than monetary damages. *See Yellowbird Bus Co., Inc. v. Lexington Ins. Co.*, 450 Fed. Appx. 213, at *7 (3d Cir. 2011) (finding that district court properly exercised jurisdiction over diversity case where plaintiff sought declaratory relief and damages from insurance company); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062 (3d Cir. 1987) (holding that district court retained jurisdiction over diversity action where plaintiff sought to compel arbitration in the underlying action); *see also UE Grp., LLC v. J&B Holding Co., et al.*, 2010

---

[3] Plaintiff does not address these claims in any way, instead asserting that this case is solely about its request for a declaratory judgment, which arises under the New Jersey Declaratory Judgment Act. However, Plaintiff cannot achieve remand based on a new characterization of his case once a Defendant has properly removed it based on the pleadings. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)); *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (same).

U.S. Dist. LEXIS 106059 (D.N.J. 2010) (district court had jurisdiction over diversity case seeking damages and specific performance of a real estate contract); *Jeffrey Press, Inc. v. Hartford Cas. Ins. Co.*, 326 F. Supp. 2d 626, 630-31 (E.D. Pa. 2004) (holding that district court had diversity jurisdiction over case seeking damages and declaratory judgment because the amount in controversy was likely to exceed $75,000).  Here, the parties are diverse, the amount in controversy will likely exceed $75,000 and the Court plainly has jurisdiction over the state law claims at issue.  Accordingly, the Defendants having properly removed this case, Plaintiff's Motion for Remand will be denied.  An appropriate Order accompanies this Opinion.


        /s/ Joel A. Pisano
        JOEL A. PISANO, U.S.D.J.

Dated: March 25, 2013